THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>DARRIN HOWARD,<br><br>                    Defendant. | CASE NO. CR20-0211-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motions to (a) modify the conditions of supervised release (Dkt. No. 41) and (b) maintain an exhibit to his motion under seal (Dkt. No. 42). Having thoroughly considered the briefing, and finding good cause, the Court GRANTS both motions for the reasons described herein.

The Court previously stayed Defendant's disposition hearing until May 12, 2023. (Dkt. No. 38.) In doing so, the Court imposed a condition that Defendant reside at a residential re-entry center. (*Id.*) Defendant requests that the Court strike this condition. (Dkt. No. 41 at 1.) Since Defendant was last released, he has obtained gainful employment and completed a substance use assessment. (*Id.* at 2.) In addition, he has gained sole custody of his children and received a full-time employment offer with hours more conducive to childcare than his current job. (*Id.*) These changed circumstances compel the Court to amend its requirements for supervised release.

ORDER
CR20-0211-JCC
PAGE - 1

Defendant also asks that Exhibit 4, filed under seal as Docket Number 43, remain sealed. (Dkt. No. 42.) Although the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). The exhibit, which contains sensitive, nonpublic information related to the custodial arrangements for Defendant's young children, presents a compelling interest in maintaining it under seal. This interest is not outweighed by the public's nominal interest in accessing this document.

For these reasons, Defendant's motion to modify (Dkt. No. 41) is GRANTED, along with his motion to seal (Dkt. No. 42). Defendant's supervised release is hereby modified to delete the condition that he reside at the residential reentry center. The Court DIRECTS the Clerk of the Court to maintain Docket number 43 under seal.

DATED this 15th day of February 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE